**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1260
_____

UNITED STATES OF AMERICA

v.

DAMION BARRETT,
                                Appellant
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 1-11-cr-00009-001)
District Judge:  Honorable Raymond L. Finch

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

BEFORE:  FISHER, COWEN, and NYGAARD, *Circuit Judges*

(Opinion Filed:  March 28, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Damion Barrett was convicted of conspiracy to possess with intent to distribute

cocaine, and possession with intent to distribute, in violation of 21 U.S.C. § 846, and 21

U.S.C. § 841(a)(1) and (b)(1)(B).  Barrett now appeals the judgment of conviction and

sentence, asserting that the United States Customs and Border Protection's secondary inspection of him at the St. Croix airport violated the Privileges and Immunities Clause of Article IV of the United States Constitution. U.S. Const. art. IV, § 2. The Government asserts that Barrett made an unconditional plea of guilty, waiving his right to appeal. We agree. Accordingly, we will decline to exercise our jurisdiction and will affirm the judgment of conviction and sentence.

The framework for our review of an appellate waiver is well established.

> The ability to waive statutorily created rights, such as the right to appeal a criminal conviction, logically flows from a defendant's ability to waive constitutional rights. Thus, "[w]e will enforce an appellate waiver and decline to review the merits of an appeal where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." We review the validity and scope of an appellate waiver de novo.

*United States v. Grimes*, 739 F.3d 125, 128-29 (3d Cir. 2014) (citations omitted).

Barrett does not contest that he changed his plea to guilty without any plea agreement. He does not assert that his plea was unknowing or involuntary.[1] Barrett admitted guilt in open court before and after the entry of his guilty plea. He also

---

[1] Represented by counsel, Barrett moved to change his plea to guilty without any plea agreement, or any attempt to negotiate with the Government. The Magistrate Judge reviewed the charges with Barrett, and conducted a proper colloquy to ascertain Barrett's assent to the change of plea. The Magistrate Judge reviewed with Barrett the charges, the factual basis for the charges, and the sentence ranges and penalties applicable to those crimes. He determined, upon questioning, that Barrett's plea was knowing and voluntary, and prepared a Report and Recommendation that the District Court accept the plea. The District Court did so, granting Barrett's motion to change his plea to guilty on January 18, 2012.

stipulated in his presentence memorandum that he was attempting to smuggle contraband from the Virgin Islands. Finally, he failed to object to the Magistrate Judge's and the Government's recitation of the specific facts underlying the crimes at the change of plea hearing, and in the presentence report.[2]

In spite of all of this, Barrett presses an Article IV challenge, characterizing the airport search that resulted in his arrest as an unauthorized border inspection. In so doing, he ignores precedent recognizing the validity of establishing "a border between the Virgin Islands and the rest of the United States for purposes of customs." *United States v. Hyde*, 37 F.3d 116, 121 (3d Cir. 1994). Therefore, even were we to ignore his repeated admissions of factual guilt that would moot this attempt to suppress the very same evidence, we would rule that enforcement of his appellate waiver would not result in a miscarriage of justice. *See Grimes*, 739 F.3d at 130.

From all of this we conclude that Barrett was convicted and sentenced upon an unconditional plea of guilty, waiving his right to appeal the issue he now raises. Therefore, we will affirm the order of the District Court.

---

[2] On January 30, 2012, Barrett filed a "request to change plea" asserting that, under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, he was still entitled to challenge the denial of his motion to suppress even absent the Government's consent. In his presentence memorandum, filed on December 6, 2012, Barrett continued to express his view that "his rights were violated" as detailed in his motion to suppress. Nonetheless, in the twelve months between filing his "request" and the sentencing hearing, Barrett took no action to press for a disposition of this request. Then, at the sentencing hearing on January 18, 2013, the District Court asked Barrett to voice any objections or reasons to refrain from moving ahead with sentencing. Barrett's counsel abandoned his request to change his plea, stating: "I have no reason at all why sentence cannot and should not be imposed at this time." The District Court then entered a judgment of conviction and sentence without any objection from Barrett.